IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEE A. TERRY AND AMY TERRY,<br><br>    Plaintiffs,<br><br>vs.<br><br>INDYMAC MORTGAGE SERVICES d/b/a INDYMAC BANK, F.S.B. or ONEWEST BANK F.S.B.; ETITLE INSURANCE AGENCY; et al.;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br>Case No. 2:10-CV-1151 TS |

    This matter is before the Court on Defendant IndyMac Mortgage Services's ("IndyMac") Motion to Dismiss[1] and eTitle Insurance Agency's ("eTitle") Motion to Dismiss.[2] For the reasons stated below, the Court will grant both Motions.

---

    [1]Docket No. 4.

    [2]Docket No. 17.

# I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint.[3] On or about March 28, 2008, the Plaintiffs Lee and Amy Terry (collectively, the "Plaintiffs") executed a Note and Trust Deed in the principle amount of $201,600, for the purchase of property located in St. George, Utah. Plaintiffs defaulted on their obligation to pay under the Note sometime in March of 2009. Plaintiffs began a three-month trial loan modification beginning on December 1, 2009, and ending in February 2010. The trial loan modification documents specifically stated:

> The Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure actions will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates . . . .[4]

Plaintiffs were denied a loan modification. Plaintiffs' property was sold at a trustee's sale on August 12, 2010, in accordance with Utah law to Federal National Mortgage Association.

# II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[5] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[6] All well-pleaded factual allegations in the

---

[3] Docket No. 2, Ex. 2.

[4] Docket No. 8, Ex. 4.

[5] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[7]  But, the court "need not accept conclusory allegations without supporting factual averments."[8]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[10]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that these plaintiffs have a reasonable likelihood of mustering factual support for these claims.[11]

III.  DISCUSSION

Plaintiffs' Complaint brings claims for breach of contract and negligence.  Plaintiffs' claims hinge on the fact that they applied for, but were ultimately not given a loan modification under HAMP.

---

[7]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10]*Id.*

[11]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

This Court, as well as a number of others, have made clear that there is no private right of action under HAMP and that HAMP-based claims disguised as other claims, such as breach of contract, are not cognizable.[12] Here, Plaintiff's claims are all HAMP-based. As there is no private right of action under HAMP, they must be dismissed. Moreover, Plaintiffs' negligence claim is contrary to the plain language of the loan modification documents. Thus, Plaintiffs have failed to allege an actionable misrepresentation in support of their negligence claim.

As to eTitle's Motion to Dismiss, the Court finds that Plaintiffs' claims against eTitle fail for the simple fact that there are none. Although eTitle is named in the Complaint, Plaintiff fails to allege any claim, cognizable or otherwise, against eTitle. As a result, the Court will grant eTitle's Motion.

IV. CONCLUSION

It is therefore

ORDERED that IndyMac's Motion to Dismiss (Docket No. 4) is GRANTED. It is further

ORDERED that eTitle's Motion to Dismiss (Docket No. 17) is GRANTED.

Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case forthwith.

---

[12]*Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988, at *5-6 (D. Ariz. June 22, 2010).

DATED   May 26, 2011.

                                  BY THE COURT:

                                  _____
                                  TED STEWART
                                  United States District Judge